IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Lucille Salter Packard Children's Hospital at Stanford, et al., | NO. C 05-01731 JW |
| Plaintiffs, v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| Fortis Benefits Insurance Company, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Lucille Salter Packard Children's Hospital at Stanford and Plaintiff Stanford Hospital and Clinics (collectively "Plaintiffs") bring this action against Defendant Fortis Benefits Insurance Company and Defendant John Alden Life Insurance Company (collectively "Defendants") for nonpayment of claims for medical services that Plaintiffs rendered to a patient following Defendants alleged verification of coverage and authorization for treatment. Plaintiffs, in this diversity action, allege five California state law claims: 1) breach of oral contract; 2) negligent misrepresentation; 3) quantum meruit; 4) estoppel; and 5) violation of CAL. HEALTH & SAFETY CODE § 1371.8. Presently before this Court is Defendants' motion to dismiss Plaintiffs' Second Amended Complaint. (Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, hereinafter "Defs. Mot. to Dismiss," Docket Item No. 10.)

A hearing on Defendants' motion to dismiss was set for July 25, 2005. However, this Court finds it appropriate, pursuant to Civil L.R. 7-1(b), to take Defendants' motion under submission

without oral argument. Based on the pleadings and the moving papers, Defendants' motion to dismiss is GRANTED with respect to the breach of oral contract and quantum meruit claims, and DENIED with respect to the negligent misrepresentation, estoppel, and § 1371.8 claims.

## II.  BACKGROUND

Plaintiffs are qualified health care providers incorporated under California law and maintain their principal places of business in Santa Clara County. Plaintiffs allege that Defendant John Alden Life Insurance is a for-profit Wisconsin corporation and that Defendant Fortis Benefits is a for-profit Minnesota corporation. Both Defendants are qualified to conduct and conduct business in California. Plaintiffs allege that Defendant Fortis was the parent company of Defendant John Alden Life Insurance. (Second Amended Complaint, hereinafter "SAC," ¶ 6.) Plaintiffs also bring this action against unknown Defendants Does 1-15.

Plaintiffs allege that on or about October 15, 2001, they began treatment on E.S. (a patient referred to by his initials for privacy purposes) for anomalies of the cerebrovascular system. (SAC ¶ 15.) On or about October 16, 2001, Plaintiffs called an agent of Defendants, who verified the patient's insurance eligibility, authorized a minimum of two days of treatment, and provided an authorization number. (SAC ¶ 16.) Plaintiffs provided treatment from October 15, 2001 to October 25, 2001. The total charges for the medical services amounted to $118,525.91. (SAC ¶ 19.) After the patient's discharge, Plaintiffs allege that they timely and properly submitted claims for reimbursement to Defendants. (SAC ¶ 18.)

Defendants, however, never reimbursed Plaintiffs for the costs of E.S.'s medical treatment. More than two years later, on or about March 10, 2004, Plaintiffs contacted Defendants to inquire about the status of the payments. (SAC ¶ 20.) Defendants informed Plaintiffs that the claim was denied due to a pre-existing condition, which allegedly was not covered under E.S.'s insurance policy. (SAC ¶ 20.)

Plaintiffs filed a complaint in state court in October 2004 and an amended complaint in January 2005. Plaintiffs filed a second amended complaint, at issue here, in February 2005. After

2

Plaintiffs voluntarily dismissed one party, Defendants removed this action to federal court based on complete diversity of the parties under 28 U.S.C. § 1332. Plaintiffs have alleged five claims throughout the litigation: 1) breach of oral contract; 2) negligent misrepresentation; 3) quantum meruit; 4) estoppel; and 5) violation of CAL. HEALTH & SAFETY CODE § 1371.8. Presently before this Court is Defendants' 12(b)(6) motion to dismiss all five claims with prejudice.

### III. STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims in the complaint. In ruling upon a motion to dismiss, this Court must accept all well pled allegations of material fact as true and must construe said allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, this Court must determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Must. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

### IV. DISCUSSION

**A. Diversity Jurisdiction Pursuant To 28 U.S.C. § 1332**

The absence of federal subject matter jurisdiction may be raised at any time. Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996). Moreover, district courts have an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). Any defendant has the right to remove a case from state to federal court under 28 U.S.C. § 1441(a) as long as the federal district court would have had original jurisdiction. Defendant has the burden, however, to establish grounds for federal jurisdiction and to show that it has complied with the procedural requirements of removal. California *ex rel*. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendants filed a notice of removal without objection from Plaintiffs. This Court, however, must still independently examine the validity of its removal jurisdiction. Valdez, 372 F.3d at 1116. Defendants filed for removal pursuant to 28 U.S.C. § 1332 (diversity of citizenship). Under § 1332(a)(1), this Court would have jurisdiction if the amount in controversy exceeds $75,000 and if the lawsuit is between citizens of different states. Citizenship of corporations is based on state of incorporation and state of principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiffs allege that they are incorporated in California and that their principal place of business is in Santa Clara County, California. (SAC ¶ 1.) Defendants, in their notice of removal, claim that Defendant Fortis is an Iowa corporation with its principal place of business in Kansas City, Missouri and that Defendant Alden is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. (Notice of Removal, Docket Item No. 1, ¶ 6.) Defendants also claim that neither are citizens of California. Since there is complete diversity among the parties and since the amount in controversy exceeds $75,000, this Court finds that there is federal diversity jurisdiction under § 1332.[1] In addition, this Court finds that Defendants timely filed their notice of removal within thirty days of the dismissal of the non-diverse party, satisfying the procedural requirement of 28 U.S.C. § 1446.

**B. Defendants' Motion To Dismiss All Five Claims Of Plaintiffs**

**1. Breach Of Oral Contract**

Under California law, a contract requires: 1) parties capable of contracting; 2) their consent; 3) a lawful object; and 4) sufficient cause or consideration. CAL. CIV. CODE § 1550. Plaintiffs allege that an agent of Defendants, in a telephone call, verified E.S.'s coverage, authorized treatment for a minimum of two days, and issued an authorization number. (SAC ¶¶ 22-24.) Plaintiffs argue that this conversation created an independent and direct contract with Defendants. Specifically, Plaintiffs allege that an agreement to pay for medical services was created when the agent of Defendants

---

[1] Although Defendants claim that Defendant Fortis is an Iowa corporation with its principal place of business in Kansas City Missouri, Plaintiffs allege that Defendant Fortis is a Minnesota corporation and fail to cite its principal place of business. (SAC ¶ 4.) Even if this Court assumes that Fortis is a Minnesota corporation, as Plaintiffs allege, there would still be complete diversity among the parties. Thus, this Court would still have jurisdiction pursuant to 28 U.S.C. § 1332.

4

verified coverage and authorized treatment.

Plaintiffs' breach of contract claim fails for lack of consent and lack of consideration. For consent, or mutual assent, the parties must have objectively intended to form a contract, agreeing upon the same thing in the same sense. Apablasa v. Merritt & Co., 176 Cal. App. 2d 719, 726 (1959). Even if the allegations in Plaintiffs' SAC are true, the parties did not consent to be bound by a new contract. Verification of insurance coverage, even with authorization for treatment, does not amount to a new contract between health service provider and insurer; rather, it is more a confirmation of the contract between insurer and insured. See Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co., 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000) (verification cannot be construed as a binding contractual agreement).

In addition, no consideration was exchanged between the parties. Defendants provided no consideration to Plaintiffs because, even if Defendants in fact covered E.S., they were already obligated to cover E.S.'s medical costs. Plaintiffs provided no consideration to Defendants because Plaintiffs provided services to E.S., not to Defendants. Of course, Plaintiffs and Defendants are indirectly related through E.S.; however, Plaintiffs cannot convert that indirect relationship into a completely independent contract. To overcome this 12(b)(6) motion to dismiss, Plaintiffs would have to allege that Defendants promised to pay for treatment whether or not E.S. was covered. As pled, however, Plaintiffs' SAC fails to sufficiently state a breach of oral contract claim. Defendants' motion to dismiss is thus granted for the breach of oral contract claim.

**2. Negligent Misrepresentation**

In California, negligent misrepresentation has six elements: 1) defendant must have made a representation as to a past or existing material fact, 2) which was untrue, 3) which, regardless of defendant's actual belief, was made without any reasonable grounds for believing it was true, and 4) which was made with the intent to induce plaintiff to rely upon it; 5) the plaintiff justifiably relied on the statement, and 6) plaintiff sustained damages. Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 402 (1989); see also Cedars Sinai, 118 F. Supp. 2d at 1010. Plaintiffs

5

1  claim that they relied on Defendants' representations as to the alleged verification, authorization of
2  treatment, and authorization number in rendering treatment to E.S.  (SAC ¶¶ 28-31.)  Accepting their
3  allegations as true, this Court finds that Plaintiffs have sufficiently stated a negligent misrepresentation
4  claim under California law.

5       Plaintiffs' SAC clearly alleges that Defendants made representations as to a past or existing
6  material fact, namely, that they covered E.S.'s medical treatment.  (SAC ¶ 29.)  Defendants argue,
7  however, that the "Plaintiffs cannot allege at least four of these elements," pointing to elements two
8  through six.  (Defs. Mot. to Dismiss at 7.)  Yet, Plaintiffs do allege that the representations as to
9  coverage were untrue, given that Defendants later denied payment on the claim because of an alleged
10 pre-existing condition in E.S.  (SAC ¶¶ 28-30.)  Plaintiffs also allege that Defendants knew or should
11 have known about the pre-existing condition before verifying and authorizing treatment.  (SAC ¶ 30.)
12 Finally, Plaintiffs allege that they relied on Defendants' representations in treating E.S., and suffered
13 damages in the amount of $118,525.91 because of Defendants' failure to pay for treatment.  (SAC ¶¶
14 30-32.)  Moreover, other courts have recognized that an insurer could be liable for negligently
15 misrepresenting that the insured's medical treatment was covered under the insurance policy.  See
16 Cedars Sinai, 118 F. Supp. 2d at 1009 (citing Hawaii and Arizona cases in denying summary judgment
17 motion for negligent misrepresentation claim under similar facts as presented by parties in this action).

18      Defendants also argue that this claim is barred by the statute of limitations, which they allege is
19 two years.  (Defs. Mot. to Dismiss at 6.)  Because the running of the statute cannot clearly be
20 determined from the face of the SAC, this Court declines to dismiss this claim at this stage of the
21 litigation.  See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).  Thus,
22 Defendants' 12(b)(6) motion to dismiss is denied with regard to the negligent misrepresentation claim
23 because Plaintiffs' SAC sufficiently alleges the elements for such a claim.

24     **3.  Quantum Meruit**

25     To overcome a 12(b)(6) motion, a quantum merit claim must allege: 1) that the plaintiff
26 performed certain services for the defendant, 2) the services' reasonable value, 3) that the services

27
28

were rendered at defendant's request, and 4) that they are unpaid. Haggerty v. Warner, 115 Cal. App. 2d 468, 475 (1953); see also Cedars Sinai, 118 F. Supp. 2d at 1013.  Plaintiffs allege that Defendants have been unjustly enriched because one of its insured, E.S., received the necessary medical treatment while no payment was ever made. (SAC ¶ 37.)  Defendants counter that, even if they verified E.S.'s insurance coverage and authorized medical services, they certainly did not request that such services be performed. (SAC ¶ 9.)  Defendants also argue that, regardless of the merits, the quantum meruit claim is barred by the statute of limitations.

This Court finds Defendants' argument persuasive. Plaintiffs do not allege that Defendants requested medical treatment be performed; rather, Plaintiffs only allege that Defendants verified coverage and authorized treatment. (SAC ¶¶ 34-35.)  E.S. requested medical treatment, not Defendants. Therefore, Plaintiffs' SAC does not allege a sufficient quantum meruit claim because it does not allege that treatment was performed upon Defendants' request. See Cedars Sinai, 118 F. Supp. 2d at 1013 (holding insurer not liable under quantum meruit theory when patient, not insurer, requested treatment). Thus, Defendants' motion to dismiss the quantum meruit claim is granted.

**4. Estoppel**

In California, estoppel is very similar to the claim of negligent misrepresentation. An estoppel claim has five elements: 1) a representation of material fact by defendant, 2) with knowledge, actual or virtual, of the true facts, 3) to a party actually or permissively ignorant of the truth, 4) with the intention, actual or virtual, that the other party act upon it, and 5) the other party was induced to act. San Diego Mun. Credit Union v. Smith, 176 Cal. App. 3d 919 (1986); see also Cedars Sinai, 118 F. Supp. 2d at 1012. As with the negligent misrepresentation claim, Plaintiffs' estoppel claim is sufficient to overcome Defendants' motion to dismiss.

Plaintiffs allege that Defendants, by representing that E.S. was covered and by authorizing treatment, should have known that Plaintiffs would reasonably be induced to rely on Defendants' assurances. (SAC ¶ 42.)  This Court finds the analysis in Cedars Sinai particularly persuasive and instructive here. In Cedars Sinai, the court faced similar facts in that a health care provider sued an

7

insurer for nonpayment of medical services that provider rendered to patient after insurer's pre-certification of coverage. Cedars Sinai, 118 F. Supp. 2d at 1005.  The court determined that the same genuine issues of fact existed for the estoppel claim as the negligent misrepresentation claim, and denied the insurer's summary judgment motion as to estoppel. Id. at 1012.  The situation is similar between the parties here.  Defendants, for element two, arguably knew whether E.S. was covered, since they had the ability to investigate E.S. before verifying coverage.  More importantly, Plaintiffs' SAC actually alleges that Defendants knew or should have known that their ostensible verification of E.S.'s coverage and authorization of treatment would induce Plaintiffs to act.  (SAC ¶¶ 40-43.)  Thus, Plaintiffs' estoppel claim, just as its negligent misrepresentation claim, successfully pleads all the necessary elements to overcome Defendants' motion to dismiss.  This Court denies Defendants' motion to dismiss Plaintiffs' estoppel claim.

### 5. Violation Of CAL. HEALTH & SAFETY CODE § 1371.8

Under CAL. HEALTH & SAFETY CODE § 1371.8: "A health care services plan that authorizes a specific type of treatment by a provider shall not rescind or modify this authorization after the provider renders the health care services in good faith pursuant to the authorization." CAL. HEALTH & SAFETY CODE § 1371.8.  Under § 1345(f)(1), a health care services plan "undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost of those services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or enrollees."  Under their fifth claim, Plaintiffs allege that Defendants violated § 1371.8 by first authorizing treatment for E.S. and then denying liability for the cost of medical services by claiming later that the patient had a pre-existing condition not covered by insurance.  (SAC ¶¶ 48-51.)  Defendants, in their motion to dismiss, respond that they are not "health care services plans" according to the statutory definition, and that Plaintiffs' SAC does not even allege that Defendants are "health care services plans."  (Defs. Mot. to Dismiss at 10.)

This Court declines to dismiss Plaintiffs' § 1371.8 claim.  Even though Plaintiffs do not specifically allege that Defendants are "health care services plans," they do allege that Defendants, by

authorizing treatment of patient E.S., undertook to pay for or reimburse the cost of those medical services due to the alleged coverage of E.S. (SAC ¶ 48.) Plaintiffs further allege that they, in good faith, rendered services to E.S. pursuant to Defendants' authorization, and that Defendants later denied payment due to an alleged pre-existing condition in E.S. (SAC ¶¶ 49-50.) These allegations, at this stage of the litigation, are sufficient to state a claim pursuant to § 1371.8.

## V. CONCLUSION

For the foregoing reasons, Defendants' 12(b)(6) motion to dismiss is GRANTED with respect to Plaintiffs' breach of oral contract and quantum meruit claims. These claims are dismissed with prejudice. Defendants' 12(b)(6) motion to dismiss is DENIED with respect to the negligent misrepresentation, estoppel, and CAL. HEALTH & SAFETY CODE § 1371.8 claims.

Dated: August 1, 2005

/s/James Ware
JAMES WARE
United States District Judge

05cv1731mtd

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christopher L. Wanger cwanger@manatt.com
Gregory N. Pimstone gpimstone@manatt.com
Joseph Helgeson jhelgeson@sacfirmonline.com
Joy Young Stephenson jstephenson@sacfirmonline.com
Ryan S. Hilbert rhilbert@manatt.com
Vincent A. Acquisto vacquisto@sacfirmonline.com

**Dated: August 1, 2005**                                            **Richard W. Wieking, Clerk**

                                                                     **By:/s/JWchambers**
                                                                         **Ronald L. Davis**
                                                                         **Courtroom Deputy**