```
 1  STEPHENSON, ACQUISTO & COLMAN
    JOY YOUNG STEPHENSON, ESQ. (SBN 113755)
 2  BARRY SULLIVAN, ESQ.        (SBN 136571)
    JULIE CLARY, ESQ.           (SBN 225369)
 3  303 NORTH GLENOAKS BOULEVARD, SUITE 700
    BURBANK, CA 91502-3226
 4  Telephone:  (818) 559-4477
    Facsimile:  (818) 559-5484
 5
    Attorneys for Plaintiffs, LUCILE SALTER PACKARD
 6  CHILDREN'S HOSPITAL AT STANFORD, a
    Non-Profit California corporation, and STANFORD
 7  HOSPITAL AND CLINICS, a Non-Profit California
    corporation.
```

**IT IS SO ORDERED**
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD, a Non-Profit California corporation, and STANFORD HOSPITAL AND CLINICS, a Non-Profit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FORTIS BENEFITS INSURANCE COMPANY, a For-Profit Minnesota Corporation, a JOHN ALDEN LIFE INSURANCE COMPANY, a For-Profit Wisconsin Corporation, and DOES 1-15, inclusive,<br><br>Defendants. | CASE NO: C05-0171 JW (HRL)<br><br>STIPULATION AND ~~[PROPOSED]~~ ORDER CONTINUING DEADLINES BY WHICH TO DISCLOSE EXPERT WITNESSES AND CLOSE DISCOVERY |

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiffs Lucile Salter Packard Children's Hospital at Stanford and Stanford Hospitals and Clinics (collectively, "Plaintiffs") and Defendants Fortis Benefits Insurance Company ("Fortis") and John Alden Life Insurance Company ("John Alden") (collectively "Defendants") that:

\\Risarent2\JYS\CASES\1932 –

-1-

STIPULATION TO CONTINUE DEADLINES BY WHICH TO DISCLOSE EXPERT WITNESSES AND CLOSE DISCOVERY

1  WHEREAS, the Court order currently provides that the disclosure of expert witnesses occur
2  by no later than June 2, 2006, and that the disclosure of rebuttal expert witnesses occur no later than
3  July 3, 2006;
4  WHEREAS, the Court order currently provides that any motion to exclude an expert or any
5  portion of an expert's testimony be filed, and that depositions of expert witnesses be completed, no
6  later than August 11, 2006;
7  WHEREAS, the Court order currently provides that the close of pre-trial discovery, must be
8  completed by June 12, 2006.
9  WHEREAS, Plaintiffs are currently awaiting discovery responses from Defendants;
10 WHEREAS, Defendants are currently awaiting a second set of discovery responses from
11 Plaintiffs;
12 WHEREAS, both parties are in the process of determining availability of deponents for
13 deposition;
14 WHEREAS, the parties wish to continue the deadlines by which they must disclose expert
15 witnesses and close discovery to better determine on what topics testimony may be needed and to
16 allow the parties additional time to conduct informal settlement negotiations, to avoid incurring any
17 unnecessary costs and expenses until such time:
18 WHEREFORE, IT IS HEREBY STIPULATED AND AGREED that the deadlines by which
19 the parties must disclose expert witnesses and close discovery be continued by approximately thirty
20 days in accordance with the following schedule:
21  1. Any party wishing to present expert witness testimony with respect to a claim or a
22     defense shall lodge with the Court and serve on all other parties the name, address,
23     qualifications, resume and a written report which complies with Fed. R. Civ. Proc.
24     26(a)(2)(B) on or before July 10, 2006.
25  2. If the testimony of the expert is intended solely to contradict or rebut opinion
26     testimony on the same subject matter identified by another party, the party proffering
27     a rebuttal expert shall make the disclosures required by Fed. R. Civ. Proc. 26(a)(2)(B),
28     not later than August 3, 2006.

3. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert of any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than September 11, 2006.

4. Depositions of expert witnesses must be completed by not later than September 11, 2006.

5. The close of pre-trial discovery, which, pursuant to Civil L.R. 26-2, includes all discovery and supplemental disclosure, will be completed by July 17, 2006.

6. The last day for hearing dispositive motions is August 28, 2006 at 9:00 a.m. Any motion must be noticed in accordance with the Local Rules of this Court.

7. Each of the other dates in the Court's September 7, 2005 Scheduling Order shall otherwise remain in effect.

Dated: May 26, 2006

Law Offices Of
STEPHENSON, ACQUISTO & COLMAN

_____
JULIE CLARY
Attorneys for Plaintiffs
LUCILE SALTER PACKARD
CHILDREN'S HOSPITAL AT STANFORD,
and STANFORD HOSPITAL AND CLINICS

Dated: May 26, 2006

MANATT, PHELPS & PHILLIPS, LLP

_____
RYAN S. HILBERT
Attorneys for Defendants
FORTIS BENEFITS INSURANCE
COMPANY and JOHN ALDEN LIFE
INSURANCE COMPANY

\\Risarcnt2\YS\CASES\1932 —

-3-   STIPULATION TO CONTINUE DEADLINES BY WHICH TO DISCLOSE EXPERT WITNESSES AND CLOSE DISCOVERY

## ORDER

Pursuant to stipulation and good cause appearing, IT IS HEREBY ORDERED that the deadlines by which the parties must disclose expert witnesses and close discovery is continued in accordance with the following schedule:

1. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, resume and a written report which complies with Fed. R. Civ. Proc. 26(a)(2)(B) on or before **July 10, 2006.**

2. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. Proc. 26(a)(2)(B), not later than **August 3, 2006.**

3. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert of any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **September 11, 2006.**

4. Depositions of expert witnesses must be completed by not later than **September 11, 2006.**

5. The close of pre-trial discovery, which, pursuant to Civil L.R. 26-2, includes all discovery and supplemental disclosure, will be completed by **July 17, 2006.**

6. The last day for hearing dispositive motions is ~~August 28,~~ **Sept. 11,** 2006 at 9:00 a.m. Any motion must be noticed in accordance with the Local Rules of this Court.

7. Each of the other dates in the Court's September 7, 2005 Scheduling Order shall otherwise remain in effect.

Dated: __June 9__, 2006

*/s/ James Ware*
Honorable James Ware
U.S. District Court Judge

**PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 303 North Glenoaks Boulevard, Suite 700, Burbank, California 91502-3226.

On **May 26, 2006**, I served the foregoing document(s) described as **STIPULATION AND [PROPOSED] ORDER CONTINUING DEADLINES BY WHICH TO DISCLOSE EXPERT WITNESSES AND CLOSE DISCOVERY** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Ryan S. Hilbert, Esq.<br>Manatt, Phelps & Phillips, LLP<br>1001 Page Mill Road, Building 2<br>Palo Alto, CA 94304-1006<br>Facsimile: (650) 213-0260<br>**Attorney for Defendants** | Gregory N. Pimstone<br>Manatt, Phelps & Phillips, LLP<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90064<br>Facsimile: (310) 312-4224<br>**Attorney for Defendants** |

[X] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [C.C.P. 1013a(3); F.R.C.P. 5(b)]

[ ] BY FEDERAL EXPRESS: I caused such envelope(s), with overnight Federal Express Delivery Charges to be paid by this firm, to be deposited with the Federal Express Corporation at a regularly maintained facility on the aforementioned date. [C.C.P. 1013(c) 1013(d)]

[ ] BY EXPRESS MAIL: I caused such envelope(s), with postage thereon fully prepaid and addressed to the party(s) shown above, to be deposited in a facility operated by the U.S. Postal Service and regularly maintained for the receipt of Express Mail on the aforementioned date. [C.C.P. 1013(c)]

[X] BY TELECOPIER: Service was effected on all parties at approximately ___:___ am/pm by transmitting said document(s) from this firm's facsimile machine (818/559-4477) to the facsimile machine number(s) shown above. Transmission to said numbers was successful as evidenced by a *Transmission Report* produced by the machine indicating the documents had been transmitted completely and without error. [C.R.C. Nº 2008(e), C.C.P. 1013(e)]

[ ] BY PERSONAL SERVICE: I caused the above-stated document(s) to be served by personally delivering a true copy thereof to the individuals identified above. [C.C.P. 1011(a); F.R.C.P. 5(b)]

[ ] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **May 26, 2006**, at Burbank, California.

_Karine Isagulyan_
Karine Isagulyan